partment. January 24, 1908.) Action by Walter J. Nixon against the Consolidated Gas Company. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order filed.

NOBLE et al. v. MATTHEWS. (Supreme Court, Appellate Division, First Department. December 27, 1907.) Action by Hebert Noble and another against Wilbur K. Matthews. No opinion. Motion granted, with $10 costs. Order filed.

NORTON, Appellant, v. THWAITE, Respondent. (Supreme Court, Appellate Term. February 7, 1908.) Appeal from Municipal Court, Borough of Manhattan, Eleventh District. Action by William F. Norton against Henry L. Thwaite. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered. Weill & Weill, for appellant. Henry C. Henderson, for respondent.

PER CURIAM. Defendant was a tenant of plaintiff's grantor. Plaintiff claims that defendant agreed to vacate the premises on September 1, 1906; that he refused to do so, and plaintiff was obliged to resort to dispossess proceedings, which resulted in the removal of defendant; and that plaintiff was damaged $488.89, for which he sued. Judgment was given for defendant. Plaintiff appeals: Plaintiff's items of damage are $388.89 for damages caused by the alleged breach of contract to surrender the premises on September 1, 1906, being use and occupation of premises for 20 days, and $100 expenses of the dispossess proceedings. The answer is a general denial. The question was whether or not defendant agreed to vacate on September 1st, and on this point the dispossess proceedings are conclusive. It is not disputed that defendant remained 20 days in September in the use and occupation of the premises. The judgment is against the evidence, and should be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

O'BRIEN, Respondent, v. VILTER MFG. CO., Appellant, et al. (Supreme Court, Appellate Division, First Department. December 27, 1907.) Action by Michael J. O'Brien against the Vilter Manufacturing Company, impleaded. R. F. Greacen, for appellant. S. Lachman, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

O'CONNELL, Respondent, v. MERCHANTS' REFRIGERATING CO., Appellant. (Supreme Court, Appellate Division, First Department. February 21, 1908.) Action by Patrick O'Connell against the Merchants' Refrigerating Company. A. Van Winklem, for appellant. R. J. Morrison, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ODELL, Appellant, v. AMES et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 8, 1908.) Action by William H. Odell against Allen Ames and others. No opinion. Judgment and order affirmed, with costs.

O'DELL, Respondent, v. STAR PALACE LAUNDRY, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1908.) Action by John J. O'Dell against the Star Palace Laundry. No opinion. Judgment and order affirmed, with costs.

O'LEARY et al., Respondents, v. HUBBLE, Appellant. (Supreme Court, Appellate Division, Third Department. January 8, 1908.) Action by Jeremiah O'Leary and another against Horace H. Hubble. No opinion. Judgment and order unanimously affirmed, with costs.

O'LEARY, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. February 7, 1908.) Action by Thomas O'Leary, as administrator, against the New York City Railway Company. B. H. Ames, for appellant. G. G. Battle, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

INGRAHAM and LAUGHLIN, JJ., dissent.

OLSEN, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. February 21, 1908.) Action by Charles Olsen against the Metropolitan Street Railway Company. F. Kennedy, for appellant. F. E. Hipple, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

LAUGHLIN, J., dissents.

OLSEN, Respondent, v. NEW YORK & L. I. TRACTION CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1908.) Action by Lawrence Olsen against the New York & Long Island Traction Company.

PER CURIAM. Judgment and order affirmed, with costs.

HIRSCHBERG, P. J., not voting.

OMEGA CHEMICAL CO., Respondent, v. O. J. GUDE CO., Appellant. (Supreme Court, Appellate Term. March 5, 1908.) Appeal from Municipal Court, Borough of Manhattan, Eleventh District. Action by the Omega Chemical Company against the O. J. Gude Company. From a judgment for plaintiff, defendant, appeals. Affirmed. Mayer & Gilbert (A. S. Gilbert and Francis Gilbert, of counsel), for appellant. Weill & Weill, for respondent.

PER CURIAM. In view of the nature of the agreement and the provision for the painting of signs upon the structure by the defendant at the plaintiff's order, it may fairly be inferred that the parties had in contemplation a possible loss of profits to the plaintiff in the business of maintaining display matter for others, should the structure be removed by the defendant in violation of the contract; but, since all oral testimony to support the claim for special damage was stricken out, there was nothing upon which an award could be based—